18-1899-pr
Fabricio v. Annucci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:   ROBERT A. KATZMANN,
        *Chief Judge,*
        CHRISTOPHER F. DRONEY,
        *Circuit Judge,*
        JEFFREY ALKER MEYER,[*]
        *District Judge.*

_____

Ederick Fabricio,

        *Plaintiff-Appellant*,

      v.                                                                          18-1899

Commissioner Anthony J. Annucci, Supt. P.
Chappius, Jr., Dep. Hughes, Lt. Mussaw, Lt. Henry,
Lt. Randel, Sgt. Porter, Sgt. Whisner, Sgt. Galpin,
CO Long, CO Sullivan, CO Baker,
CO Moochogrosso, CO Synder, CO Shaffer,
CO Thompkins, SORC E. O'Brien, IGP M. O'Dell,
O.S.I. Sr. Retrosi, Sgt. Issac,

        *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Ederick Fabricio, *pro se*, Otisville, New York.

FOR DEFENDANTS-APPELLEES:        No appearance.

_____

    * Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part, and the case **REMANDED** for further proceedings consistent with this summary order.

Appellant Ederick Fabricio, proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Fabricio's complaint against prison officials at the Elmira Correctional Facility, where Fabricio was incarcerated during the relevant period. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, taking the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) (per curiam). And because Fabricio has litigated his claims *pro se* in the district court and on appeal, we must afford him the "special solicitude" due to *pro se* litigants, including "liberal construction of [his] pleadings, motion papers, and appellate briefs." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).[2]

In a prior order, we dismissed Fabricio's appeal in part but granted *in forma pauperis* status for the purpose of raising two issues: "(1) whether [Fabricio] was subjected to excessive force when correction officer Long struck him in March 2016; and (2) whether correction officer Long retaliated against [Fabricio] for filing a grievance by denying him recreation in May 2016."

---

[2] Unless otherwise indicated, when quoting cases, all citations, alterations, emphases, and internal quotation marks are omitted.

The excessive-force claim centers on Fabricio's allegations that Officer Long "smack[ed]" him in the eye after several officers had subjected Fabricio to a search. Fabricio alleged that the officers' stated reason for singling him out at first — that he was wearing too many layers of clothing — was pretextual, and that the real reason was that he had reported a correction officer's misconduct at another prison. The officers then searched Fabricio who, believing the reasons for the search to have been pretextual, "start[ed] looking for [the officers'] names," at which point one of the corrections officers told him to "go and sit down on [a] metal chair." Fabricio did so, and then got up again, at which point that corrections officer pushed him back into the chair and said, "don't miss[]pell my name." Officer Long then "smack[ed]" Fabricio "hard . . . on his right eye." Fabricio also alleged that, after Officer Long hit him, Officer Long warned Fabricio not to file a grievance or to seek medical attention lest he "go to the box" for an "assault on staff."

To state an excessive force claim, a prisoner must allege "two elements, one subjective and one objective." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (per curiam). First, the prisoner must allege "that the defendant acted with a subjectively sufficiently culpable state of mind," which requires a plausible allegation "that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct. For excessive force claims, as contrasted with other actions or inactions that rise to the level of Eighth Amendment violations, the test for wantonness is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* "Second, the inmate must allege that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions." *Id.* at 64.

The district court analyzed the two prongs together, and held that Fabricio "failed to meet the objective requirement because he has alleged a *de minimis*, non-repugnant use of force, which

3

was exercised by Defendants in the context of [Fabricio's] failure to follow a directive," and that Fabricio had also "failed to meet the subjective requirement." The district court was required to construe Fabricio's *pro se* complaint liberally, however, and — at this stage of the litigation — to draw all reasonable inferences in Fabricio's favor. *Tracy*, 623 F.3d at 101; *Jacobs*, 400 F.3d at 106; *see Montero v. City of Yonkers, New York*, 890 F.3d 386, 394 (2d Cir. 2018). Having done so, we vacate the district court's dismissal of Fabricio's excessive-force claim against Officer Long.

As to the subjective prong, Fabricio alleged several facts that give rise to a plausible inference that Officer Long acted to cause harm, not in a "good-faith effort to maintain or restore discipline." *Harris*, 818 F.3d at 64. Fabricio did allege that one of the officers told him to sit in the chair and that he had arisen from the chair before Officer Long struck him, facts that are consistent with the district court's inference that Officer Long acted "in the context of [Fabricio's] failure to follow a directive." But Fabricio also alleged that another officer had already shoved him back in the chair, supporting an inference that no additional force was necessary to restore discipline, even assuming any had been necessary to begin with. Officer Long's threat about what would happen if Fabricio sought medical attention, meanwhile, further supports a reasonable inference that Officer Long was not acting in good faith — as does Fabricio's allegation that he was singled out in the first place because he had reported officer misconduct at another prison. *See Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (holding the subjective component of an excessive force claim satisfied by an allegation that the "force was applied to the plaintiff wantonly and maliciously in retaliation for being a litigious inmate"). We express no view about the relative strength of these inferences compared to others that might be drawn; we hold only that, because these inferences are reasonable, they must be drawn in Fabricio's favor in evaluating whether the complaint states

4

a claim upon which relief can be granted. *Montero*, 890 F.3d at 394. Taken together, Fabricio's allegations and the inferences they support are enough to satisfy the subjective prong of an excessive-force claim at this stage. And, because "the malicious use" of more than *de minimis* force "to cause harm" is a *per se* violation of the Eighth Amendment, Fabricio has also alleged conduct "sufficiently serious to reach constitutional dimensions" and therefore satisfied the objective prong of the excessive-force inquiry. *Harris*, 818 F.3d at 64. In particular, Fabricio alleged that Officer Long smacked him hard in the eye with enough force to cause a headache and possibly a concussion.

We also vacate the district court's judgment to the extent it dismissed Fabricio's retaliation claim. To state a retaliation claim, a prisoner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). As relevant here, Fabricio alleged that Officer Long warned him that "if he [wrote] a grievance about" Officer Long's alleged use of force, Fabricio would have to "deal with the consequences." After Fabricio filed such a grievance, and while Fabricio was waiting to be released from his cell so that he could go to the gym, Officer Long told him that he was "on hold," and added that he had "got the grievance" and made an off-color remark about what he planned to do with it. We have little trouble concluding that Fabricio's complaint sufficiently alleges protected conduct and, in light of Officer Long's alleged comments, a causal connection between that conduct and the action alleged to have been retaliatory. Because even retaliatory conduct must be sufficiently adverse to "deter a similarly situated individual of ordinary firmness from exercising [his] constitutional rights," *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003), the second prong of this analysis presents a closer call. But "at this early stage," we must

5

construe Fabricio's allegation of a denial of recreation as "describing an adverse action," and permit Fabricio "the opportunity to develop facts" in support of that claim. *Morales v. Mackalm*, 278 F.3d 126, 131-32 (2d Cir. 2002) (per curiam), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516, 532 (2002), *as recognized in Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2003); *see Davis*, 320 F.3d at 354. Fabricio's allegations of retaliation are therefore sufficient to survive scrutiny for failure to state a claim.

For the foregoing reasons, we **VACATE** the district court's order and judgment to the extent it dismissed Fabricio's excessive-force claim and his retaliation claim against Officer Long, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6